## SCHMITT v. BRADFORD WOOLEN MILLS et al.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

COURTS (§ 189*) — MUNICIPAL COURT — DEFAULT JUDGMENT — CONDITIONS FOR OPENING.

The condition, that defendant consent to admission in evidence of a copy of a letter without proof of the writing and sending of it, not being among those mentioned in Municipal Court Act (Laws 1902, c. 580) § 256, prescribing the terms which may be imposed as a condition for opening a default, imposition of it is without authority.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry M. Schmitt against the Bradford Woolen Mills and another. From an order, defendants appeal. Modified and affirmed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Morris & Samuel Meyers, of New York City (Herman Druck, of New York City, of counsel), for appellants.

Myers & Goldsmith, of New York City (Josiah Canter, of New York City, of counsel), for respondent.

PER CURIAM.  The defendants appeal from an order denying a motion to open their default unless they comply with certain conditions; one of such conditions being that they shall—

"deliver to plaintiff's attorney a written and signed consent by the defendants' attorneys that the plaintiff may offer in evidence at the trial of this action without objection on the part of the defendants a copy of the letter dated August 13, 1912, sent to the defendant the Bradford Woolen Company by the Mystic Manufacturing Company, without the plaintiff being put to the necessity of calling any witness to prove the writing and sending of the said letter to the defendant."

Section 256 of the Municipal Court Act prescribes the terms which may be imposed as a condition for opening a default, and when that section is followed no appeal from an order made in accordance therewith will lie.  Section 257, Municipal Court Act.  The condition above mentioned is, however, not one of those enumerated in said section 256, and the court below had no authority to require it.

Order modified, by striking therefrom the condition aforesaid, and, as modified, affirmed, without costs of this appeal to either party, and defendants' default opened upon compliance with the other terms imposed by said order within 10 days after service of a copy of the order entered herewith, with notice of entry thereof.